**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| | |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| | |

| **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

## District Of  Oregon

In re   Sohrab Vossoughi              ,          )          Case No.   25-33145-dwh7
              Debtor                           )
                             )          Chapter  7

  Columbia Bank                             )
                             )
           Plaintiff                          )

            v.                               )          Adv. Proc. No.
                             )

  Sohrab Vossoughi                          )
          Defendant                          )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

        Address of the clerk:   1050 SW 6th Ave, Suite 700, Portland, OR 97204.

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

        Name and Address of Plaintiff's Attorney:   Tara J. Schleicher, OSB #954021
                                          Foster Garvey PC
                                          121 SW Morrison St, Suite 1100
                                          Portland, OR  97204

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                            (Clerk of the Bankruptcy Court)

    Date: _____          By: _____(Deputy Clerk)

Tara J. Schleicher, OSB #954021
FOSTER GARVEY PC
121 SW Morrison St.
Eleventh Floor
Portland, OR 97204
Tel: (503) 228-3939
tara.schleicher@foster.com
*Attorneys for Creditor Columbia Bank fka*
*Umpqua Bank*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | |
| Sohrab Vossoughi, | Bankruptcy No. 25-33145-dwh7 |
| Debtor, | (Jointly Administered) |
| COLUMBIA BANK, an Oregon state-chartered bank, | Adv. Proc. No. _____ - dwh |
| Plaintiff, | COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), (a)(4) and (a)(6) |
| v. | |
| SOHRAB VOSSOUGHI, an individual, | |
| Defendant. | |

Plaintiff Columbia Bank fka Umpqua Bank ("**Plaintiff**" or the "**Bank**"), by and through its counsel, Tara J. Schleicher and Foster Garvey PC, hereby seeks a determination that its claims against the debtor Sohrab Vossoughi ("**Debtor**" or "**Vossoughi**") are non-dischargeable and alleges as follows:

**JURISDICTION AND VENUE**

1.     The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b). This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(A), (I) and (J). The matters in controversy arise under 11 U.S.C. §523.

2.     Venue is proper in this district pursuant to 28 U.S.C. §1409(a). This is a core

COMPLAINT FOR DETERMINATION OF NON-
DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 1

FG: 104730088.1

proceeding arising in a bankruptcy case pending in this district.

**PARTIES**

3.      Plaintiff is an Oregon state-chartered bank formerly known as Umpqua Bank.

4.      Debtor is an individual debtor in the above-referenced Chapter 7 case.  Defendant filed a voluntary Chapter 7 petition on September 19, 2025.

**BACKGROUND FACTS**

5.      Debtor owns 100% of the membership interests or stock and of three (3) entities, each of which obtained loans from the Bank:  (i) Soneed, LLC ("**Soneed**"), (ii) Shiraz Properties LLC ("**Shiraz**") and Ziba Design, Inc. ("**Ziba**").

6.      Soneed executed and delivered to the Bank a Business Loan Agreement and Promissory Note dated June 9, 2018 in the original principal sum of $14,200,000.00 (collectively, the "**Soneed Note**"). To secure the Soneed Note, Soneed executed and delivered to Umpqua Bank a deed of trust (the "**Soneed Trust Deed**") and an assignment of rents (the "**Soneed Assignment of Rents**") for the real property commonly known as 1044 NW 9th Ave., Portland, OR 97209 (the "**Soneed Property**").

7.      Shiraz executed and delivered to the Bank a Business Loan Agreement and Promissory Note dated April 20, 2016 in the original principal sum of $1,300,000.00 (the "**Shiraz Note**"). To secure the Shiraz Note, Shiraz executed and delivered to Umpqua Bank a deed of trust (the "**Shiraz Trust Deed**") and an assignment of rents (the "**Shiraz Assignment of Rents**") for the real property commonly known as 334 NW 11th Ave., Portland, OR 97209 (the "**Shiraz Property**").

8.      Ziba executed and delivered to the Bank a Business Loan Agreement and Promissory Note dated June 5, 2002, as amended and modified over time in the principal sum of $1,500,000.00 (collectively, the "**Ziba Note**"). As security for the Ziba Note, Ziba executed and delivered a commercial security agreement dated June 5, 2002 (the "**Ziba Security Agreement**"), pursuant to which Ziba granted the Bank an interest in all of Ziba's personal

COMPLAINT FOR DETERMINATION OF NON-
DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 2

**FOSTER GARVEY PC**
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

property as described in the Ziba Security Agreement (the "**Ziba Collateral**"):

**All Accounts, Chattel Paper, Contract Rights, Equipment and General Intangibles**

In addition, the word "Collateral" also includes all the following, whether now owned or hereafter acquired, whether now existing or hereafter arising, and wherever located:

(A) All accessions, attachments, accessories, tools, parts, supplies, replacements of and additions to any of the collateral described herein, whether added now or later.

(B) All products and produce of any of the property described in this Collateral section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Collateral section.

(D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Collateral section, and sums due from a third party who has damaged or destroyed the Collateral or from that party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Collateral section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of Grantor's right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

The Bank perfected its interest in the Ziba Collateral by filing a UCC-1 financing statement and has filed continuation statements such that the Bank's interest in the Ziba Collateral is properly perfected.

9. Debtor executed and delivered a guaranty to the Bank guaranteeing full payment and performance by Soneed, Shiraz and Ziba of their respective obligations under the Soneed Note, the Shiraz Note and the Ziba Note to the Bank. Additionally, Debtor, as Trustee of the Sohrab Vossoughi Trust dated June 17, 2005 (the "**Trust**") also guaranteed full payment and performance of those notes.

10. Soneed defaulted on the Soneed Loan Documents based upon, among other events of default, (i) Soneed's failure to comply with the debt service coverage ratio measured as of December 31, 2022, (ii) Soneed's representation to Umpqua Bank that it would not make payments on the Soneed Note for the foreseeable future, and (iii) Soneed's failure to make payments on the Soneed Note when due.

11. Shiraz defaulted on the Shiraz Loan Documents because, among other events of default, it failed to make payments on the Shiraz Note when due.

12. Ziba defaulted on the Ziba Loan Documents because, among other events of default, it failed to (a) maintain a Tangible Net Worth in excess of $1,000,000.00 for the periods ending March 23, 2022, June 30, 2022, September 30, 2022, December 31, 2022, and March 31,

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 3

**FOSTER GARVEY PC**
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

2023 and (b) maintain a Current Ratio of not less than 1.20 to 1.00 for the periods ending September 30, 2022, December 31, 2022, and March 31, 2023 as required by the Ziba Note.

13. On or about November 20, 2023, the Bank filed a complaint in Multnomah County Circuit Court for the State of Oregon (the "**State Court**"), case number 23CV47460 (the "**State Court Case**") against Soneed, Shiraz, the Debtor and the Debtor as trustee of the Trust, seeking appointment of a receiver for Soneed and Shiraz. The State Court appointed Kenneth Eiler as receiver for Soneed and Shiraz (the "**Receiver**"). The Receiver, with State Court approval, sold the Shiraz Property, the proceeds of which paid off the Shiraz Note balance and made partial payment on the Ziba Note. The Receiver continues to market the Soneed Property.

14. On January 23, 2025, the State Court granted partial summary judgment against the Debtor and the Trust on its claims for breach of guaranty.

15. Vossoughi is the "Founder and CEO" of Ziba. Ziba is a self-described "global innovation and design agency accelerating business success through human centered design." Ziba operated its business at the Soneed Property until the August of 2023, at which point, Vossoughi and/or Vossoughi's/Ziba's counsel informed the Bank that it was ceasing business and was surrendering its assets (as the Bank's collateral) to the Bank. Ziba was administratively dissolved according to the Oregon Secretary of State website in December of 2023.

16. Consistent with Vossoughi's representations that it had ceased conducting business in 2023, a representative of purported new entity, Asha Design, LLC ("**Asha**"), which was represented to the Bank to consist of some of the former employees of Ziba, offered to purchase certain office furniture and equipment located at the Soneed Property from the Bank, which it did in January 2024 with Vossoughi's counsel working with and communicating with Vossoughi on the purchase, despite the fact that Vossoughi has continuously taken the position that he has no ownership in Asha, does not control Asha and is not an employee of Asha. Vossoughi, personally and through counsel, represented to the Bank that Ziba had no value aside from the de minimis value of the tangible property (office equipment and furniture) and, later,

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 4

**FOSTER GARVEY PC**
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

the alleged de minimis value of the Ziba trademarks, service marks, trade names, goodwill, domain names (including but not limited to "ziba.com"), website located as "ziba.com' formerly used by Ziba", copyrights, client files and records and phone numbers (the "**Ziba Intangible Property**").

17. The Debtor submitted a signed Personal Financial Statement dated August 9, 2024 to the Bank in which he represented that he owned 100% of the shares in Ziba, that Ziba was "dissolved" and that its value was "$0.0".

18. Asha, through its purported Managing Director, Henry Chin, offered to purchase the Ziba Intangible Property for $5,000 on a number of occasions from February 2024 to May of 2025, which constitutes an acknowledgment that Asha could not use the Ziba Intangible Property without the Bank's consent or the sale of the Ziba Intangible Property by the Bank to Asha because the Ziba Intangible Property constitutes the Bank's collateral, which was surrendered by Ziba to the Bank in the August of 2023. The Bank rejected these offers from Asha. In Mr. Chin's last communication about an offer to purchase the Ziba Intangible Property in May of 2025, he stated that "the Ziba trademark has not been used in commerce for some time" and that "[a]ccording to its retired president, Sohrab Vossoughi, the company has no plans to resume business activity and expects to formally dissolve soon." These statements contradict reality as the Bank has since learned that Asha/the Debtor have been using the Ziba trademark ever since Ziba's surrender of the Bank's collateral in its business, have been operating and holding itself out as the "Ziba team" to the public and customers of its services and that the Debtor has been operating Asha as his own company and representing to customers that Ziba and Asha are "one and the same", that it is "his company" and that the use of the Asha name is simply a rebrand of Ziba. Declaration of Shahreen Reza ("**Reza Dec.**") attached hereto as Exhibit 1.

19. The Bank learned of Vossoughi's apparent ownership and control of Asha and his representations to third parties that Ziba and Asha are "one and the same", that it is "his company" and that the use of the Asha name is simply a rebrand of Ziba when Mission: Space Foods

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 5

FOSTER GARVEY PC
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

("**MSF**") removed a collection action that Asha commenced against MSF in State Court as case number 24CV52585 on December 18, 2025 in Adversary Proceeding 25-03093 (the "**A.P.**"). Since then, the Bank has learned that Asha refers to itelf as the "Ziba team" to customers, uses "ziba.com" e-mail addresses, and upon information and belief, currently maintains and uses the Ziba.com website, currently uses the "Ziba Design" LinkedIn account with posts made within the last month, and currently has calls to Ziba's phone number on the Ziba.com website forwarded to a number monitored by Asha.  Despite the use of the Ziba Intangible Property by Asha/the Debtor to date, the Debtor states on his schedules (Schedule A, section 19) that Ziba is "[*d]issolved.  Umpqua Bank has all assets*."

20.     In 2024, the Debtor negotiated the issuance of a convertible note to him personally in the amount of $130,000 "to cover Asha's services" and expenditures made by "Asha", clearly indicating that the Debtor is a principal/owner of Asha.  A.P., Doc. 1-1, p. 260.

21.     The Oregon Secretary of State's records indicate that Ava Vossoughi ("**Ava**"), the Debtor's daughter, is the purported owner of the membership interests in Asha.  *See*, Exhibit 2 attached hereto.  However, Ms. Reza, as a customer of Asha/Ziba has never spoken with or dealt with Ava.  Upon information and belief, Ava lives in mid-west and works for Abercrombie & Fitch as an associate sweater designer.  In Ms. Reza's communications with the Debtor, he held himself out as the owner and person in charge at Ziba/Asha.  Exhibit 2, ¶¶ 6-9.

22.     On July 15, 2025, the Debtor, through counsel, demanded that the Bank relinquish its interest in the Ziba Intangible Property to the Debtor personally "to clear up the [B]ank's obligation to monetize its remaining Ziba collateral", thus acknowledging that neither the Debtor, nor any third party, could use the Ziba Intangible Property without the Bank's consent.  Yet, unbeknownst to the Bank, the Debtor was doing just that through "his company".

23.     As of July 31, 2025, the Debtor owed the following amounts to the Bank on the guaranty:  $13,033,615.91 (+$1,921.02 per diem) and $1,551,412.07 (+$353.45 per diem), plus attorney fees and costs.

COMPLAINT FOR DETERMINATION OF NON-
DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 6

**FOSTER GARVEY PC**
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

**FIRST CLAIM FOR RELIEF**

**(11 U.S.C. § 523(a)(2)(A) –False Pretenses, Actual Fraud)**

24.     Plaintiff hereby realleges the allegations set forth in the proceeding paragraphs as though fully set forth herein and incorporates the same by reference.

25.     The Debtor (i) told the Bank that Ziba had ceased doing business and that all of Ziba's property has been surrendered to the Bank, (ii) had "his company" make repeated offers to purchase the Ziba Intangible Property from the Bank, thus representing that the Ziba Intangible Property had not been transferred to or was not being used by himself or third parties, (iii) represented that Ziba had ceased doing business, (iv) through counsel, demanded that the Bank release its interest in the Ziba Intangible Property to him, (v) represented that the Ziba Intangible Property was worthless, and (vi) represented that his daughter, Ava, was the owner of Asha, when in reality, he was the true owner and operator of "his company" (Ziba/Asha).

26.     The Debtor orchestrated the continued use of the Ziba Intangible Property by "his company" or the transfer of that property to Asha with no consideration to the Bank for the unauthorized use of its collateral and retention of the proceeds from that use by the Debtor and "his company."

27.     The Debtor intended to hinder the Bank's collection of the debt he owed to the Bank and the Bank's interest in the Ziba Tangible Property by taking the actions set forth in paragraphs 25 and 26 involving the unauthorized use of the Ziba Intangible Property, which constitutes an actual fraudulent transfer.

28.     The Bank is entitled to a judgment under 11 USC §523(a)(2)(A) that its claims against the Debtor are not discharged based upon Debtor's actual fraudulent use or transfer of the Ziba Intangible Property.

**SECOND CLAIM FOR RELIEF**

**(11 U.S.C. § 523(a)(2)(B) –False Representations)**

29.     Plaintiff hereby realleges the allegations set forth in the proceeding paragraphs as

COMPLAINT FOR DETERMINATION OF NON-
DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 7

**FOSTER GARVEY PC**
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

though fully set forth herein and incorporates the same by reference.

30. The Debtor (i) had "his company" make repeated written offers to purchase the Ziba Intangible Property from the Bank, thus representing that the Ziba Intangible Property had not been transferred to or was not being used by himself or third parties, (ii) represented in writing that Ziba had ceased doing business, (iii) demanded in writing, through counsel, that the Bank release its interest in the Ziba Intangible Property to him, (iv) represented in writing that the Ziba Intangible Property was worthless, and (vi) represented in writing that his daughter, Ava, was the owner of Asha, when in reality, he was the true owner and operator of "his company" (Ziba/Asha)

31. The Debtor made these representations in paragraph 30 with the intent that the Bank believe that the Ziba Intangible Property was not being used by Debtor or "his company" and that it was of *de minimis* value. The Debtor made these written representations to the Bank to conceal the fact that he and "his company" were using the Ziba Intangible Property, making money from the use of the Ziba Intangible Property and retaining the products and proceeds of the Ziba Intangible Property for himself and "his company" and to avoid the Bank from recovering the full value of the Ziba Intangible Property as its collateral for the obligations owed by the Debtor on his guaranty of the Soneed and Ziba loans.

32. The Debtor's representations in paragraph 30 that the Ziba Intangible Property was not being used by him or "his company" were materially false.

33. The Bank reasonably relied upon the Debtor's representations that the Ziba Intangible Property had been surrendered to the Bank and were not being used by him or "his company" from which he and "his company" were generating revenues, products and proceeds that were being retained for the benefit of the Debtor and "his company."

34. The Debtor made the representations in paragraph 30 above with the intent to deceive the Bank.

35. The Bank is entitled to a judgment under 11 USC §523(a)(2)(B) that its claims against the Debtor are not discharged because of the Debtor's false representations to secretly

COMPLAINT FOR DETERMINATION OF NON-
DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 8

**FOSTER GARVEY PC**
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

retain, use or transfer the Ziba Intangible Property.

## THIRD CLAIM FOR RELIEF

### (11 U.S.C. § 523(a)(4)– Embezzlement)

36. Plaintiff hereby realleges the allegations set forth in the proceeding paragraphs as though fully set forth herein and incorporates the same by reference.

37. Under the ISDA 2002 Master Agreement (the "**SWAP Agreement**") between the Bank and Soneed dated June 12, 2018, funds generated and transferred to Soneed under the SWAP Agreement ("**SWAP Funds**") were to be used to make loan payments owed by Soneed under the Soneed Note to the Bank.

38. On August 7, 2023, $22,575.16 in SWAP Funds were transferred into Soneed's bank account. On that same day, the Debtor caused the $22,575.16 to be transferred to an affiliate company, Aria Enterprises, Inc., a company owned 70% by him and 30% by his son, Aria Vossoughi, rather than to pay the Bank the amounts the Bank was owed under the Soneed Note.

39. On September 5, 2023, $22,000 in SWAP Funds were transferred to Soneed's bank account. On September 7, 2023, the Debtor caused the $22,000 in SWAP Funds to be transferred to Ziba, rather than to pay the Bank the amounts the Bank was owed under the Soneed Note. The Bank never received the $22,000 in SWAP Funds that were transferred to Ziba.

40. The Debtor wrongfully caused the SWAP Funds referenced in paragraphs 38 and 39 to be transferred to Soneed and Ziba instead of to the Bank in violation of the SWAP Agreement. The Debtor failed to account for the transfer of the SWAP Funds as set forth in paragraphs 38 and 39 in violation of the SWAP Agreement and upon information and belief, the funds transferred were used for the Debtor's personal or an affiliate of the Debtor's benefit.

41. The Bank is entitled to a judgment under 11 USC §523(a)(4) that its claims against the Debtor are not discharged because the Debtor embezzled the SWAP Funds.

// // //

COMPLAINT FOR DETERMINATION OF NON-
DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 9

**FOSTER GARVEY PC**
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

## THIRD CLAIM FOR RELIEF

### (11 U.S.C. § 523(a)(6) – Willful and Malicious Injury)

42.    Plaintiff hereby realleges the allegations set forth in the proceeding paragraphs as though fully set forth herein and incorporates the same by reference.

43.    The Bank has a valid and perfected security interest in the Ziba Intangible Property.

44.    The Debtor wrongfully exercised dominion and control over the Ziba Intangible Property in a manner inconsistent with the Bank's rights by representing to the Bank, as set forth in paragraphs 25 and 30, by representing to the Bank that Ziba had surrendered the Ziba Intangible Property to the Bank and acknowledging that no third party was to use the Ziba Intangible Property without the Bank's consent, all while secretly retaining for his own use and that of "his company" the Ziba Intangible Property, allowing himself and "his company" to benefit from the use of the Ziba Intangible Property and the revenues and proceeds it generates.

45.    The Debtor acted with the intent to cause the Bank injury or with the knowledge that injury to the Bank was substantially certain to occur, as demonstrated by his concealment and misrepresentations regarding his and "his company's" use of the Ziba Intangible Property to the detriment of the Bank's interests in that property.

46.    The Debtor's actions with respect to the wrongful exercise of dominion and control of the Ziba Intangible Property was without just cause and excuse and was committed in conscious disregard of the Bank's rights.  The Bank has been damaged in the amount of the value of the Ziba Intangible Property and the revenues and proceeds generated therefrom from August 2023 forward.

47.    The Bank is entitled to a judgment under 11 USC §523(a)(6) that its claims against the Debtor are not discharged because of the Debtor's willful and malicious injury in wrongfully exercising dominion and control over the Bank's collateral and secretly retaining, using or transferring the Ziba Intangible Property.

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 10

**FOSTER GARVEY PC**
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

WHEREFORE, Plaintiff requests entry of judgment as follows:

1.     On the First Claim for Relief, judgment finding that the claims and debts owed to Plaintiff by the Debtor are non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), (a)(4) and (a)(6), including the Bank's attorney fees and costs incurred herein; and

2.     For such other relief as the Court deems just and equitable.


Dated this 15th day of January, 2026.


                              FOSTER GARVEY PC


                              By /s/ *Tara J. Schleicher*
                                 Tara J. Schleicher, OSB# 954021
                                 121 SW Morrison Street, Suite 1100
                                 Portland, OR  97204
                                 Telephone No. (503) 228-3939
                                 Facsimile No. (503) 226-0259
                                 Email:  Tara.Schleicher@foster.com
                                 *Attorneys for Creditor Columbia Bank*


COMPLAINT FOR DETERMINATION OF NON-
DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523 - 11

**FOSTER GARVEY PC**
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104730088.1

Tara J. Schleicher, OSB #954021
FOSTER GARVEY PC
121 SW Morrison St.
Eleventh Floor
Portland, OR 97204
Tel: (503) 228-3939
tara.schleicher@foster.com
*Attorneys for Creditor Columbia Bank fka*
*Umpqua Bank*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | |
| Sohrab Vossoughi, | Bankruptcy No. 25-33145-dwh7 |
| Debtor, | (Jointly Administered) |
| Columbia Bank fka Umpqua Bank, | Adv. Proc. No. _____ - dwh |
| Plaintiff, | DECLARATION OF SHAHREEN REZA |
| v. | |
| Sohrab Vossoughi, | |
| Defendant. | |

Shahreen Reza, declares as follows:

1.     I am over the age of eighteen (18) years and competent to be a witness herein.

2.     I was introduced to Sohrab Vossoughi ("Debtor") and his company Ziba Design, Inc. ("Ziba"), by an individual named Francesco Leone in 2023.

3.     At that time, I was affiliated with two companies.

4.     The first was a U.S. company that was focused on performance-enhancing chocolates that were being developed to increase performance for astronauts and others.  That entity is Mission: Space Food, Inc. ("MSF").  I am the founder and CEO of that company.

5.     The second company was an Irish entity named Mission: Space Food Ireland

DECLARATION OF SHAHREEN REZA- 1

FOSTER GARVEY PC
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104770767.1

Complaint Exhibit 1
Page 1 of 3

Limited ("MSF Ireland"). MSF Ireland was focused on a separate but related business creating performance-enhancing energy drinks that were intended to be sponsored by one or more famous athletes. MSF Ireland was sometimes referred to as "DUB" or "DUB Performance," because that was the intended brand name for the drink. I was a director of MSF Ireland.

6. In August of 2023, Debtor, as Founder/CEO of Ziba, sent an e-mail to me regarding design work that Ziba was doing for DUB, *i.e.*, MSF Ireland, "in good faith and without any compensation," noting that Ziba holds "all the designs and their derivatives proprietary, copyrighted and belonging to Ziba." (Adversary Proceeding No. 25-03093-dwh ("A.P."), p. 190). Throughout my communications with the Debtor, he held himself out as being the founder and CEO of Ziba.

7. In early 2024, I spoke with Debtor again about Ziba's potential interest in working with the other company I was affiliated with, MSF, in connection with chocolate truffles it was developing. I have since learned from the Oregon Secretary of State website that Ziba was administratively dissolved in December of 2023 (A.P., Doc. 1-1, pp. 243-246). However, I was not aware of Ziba's dissolution during the working relationship between MSF and the Debtor. During the first few months of 2024, I was unaware that a company named Asha Design LLC ("Asha") existed at all, because all of the contacts I worked with continued to use their Ziba email addresses and identified themselves as the "Ziba team."

8. In March 2024, I signed an agreement with Asha on behalf of MSF. The document was sent by Asha, but it refers to the "Ziba team" as the team who would perform the work for MSF and the DocuSign e-mails for the Asha/Ziba representatives are all "ziba.com" e-mail addresses. (A.P., Doc. 1-1, pp. 24, 25, 28 and 38).

9. In or around April of 2024, I visited the Debtor and his team at their office at 1155 SW Morrison St. in Portland. I asked Mr. Vossoughi about the use of the name "Asha" and he told me that Ziba and Asha were "one and the same," that it was his company, and that Asha was just a "rebrand." Throughout my interactions with the Ziba team in 2023 and 2024, I worked

DECLARATION OF SHAHREEN REZA- 2

FG: 104770767.1

Complaint Exhibit 1
Page 2 of 3

with the same individuals who were operating in the same roles, and they consistently referred to themselves as the Ziba team. I have never interacted with, or spoken to, Ava Vossoughi.

10. Asha sued myself and MSF in Multnomah County Circuit Court for the State of Oregon alleging rights to compensation for three projects: (1) an energy drink project; (2) a chocolate truffle project; and (3) an additional services agreement.

11. Although Ziba was the company that performed the "energy drink" work for MSF Ireland in 2023, I understand from Asha's court filings that it claims that Ziba assigned those claims to Asha. (A.P., Doc. 1-1, pp. 197 n.3).

I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE AND IS SUBJECT TO PENALTY FOR PERJURY.

EXECUTED this 15th day of January, 2026.


DocuSigned by:

Shahreen Reza
0CFB4F53C4E6474...

_____

Shahreen Reza

DECLARATION OF SHAHREEN REZA- 3

FOSTER GARVEY PC
121 SW MORRISON, 11TH FLOOR
PORTLAND, OR 97204
(503) 228-3939

FG: 104770767.1

Complaint Exhibit 1
Page 3 of 3

OREGON SECRETARY OF STATE
**Corporation Division**

HOME

Business Xpress    business name search    oregon business guide
license directory    business registry/renewal    forms/fees    notary public
uniform commercial code    uniform commercial code search    documents & data services

**Business Name Search**

New Search        Printer Friendly

# Business Entity Data

01-15-2026
12:29

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 2166501-92 | FLLC | ACT | DELAWARE | 08-28-2023 | 08-28-2026 | |
| Entity Name | ASHA DESIGN LLC | | | | | |
| Foreign Name | | | | | | |

New Search        Printer Friendly

# Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| Addr 1 | 1155 SW MORRISON ST | | | |
| Addr 2 | SUITE 200 | | | |
| CSZ | PORTLAND | OR | 97205 | Country | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | Start Date | 08-28-2023 | Resign Date | |
|---|---|---|---|---|---|---|
| Of Record | 513290-93 | NORTHWEST REGISTERED AGENT LLC | | | | |
| Addr 1 | 5441 S MACADAM AVE | | | | | |
| Addr 2 | SUITE N | | | | | |
| CSZ | PORTLAND | OR | 97239 | | Country | UNITED STATES OF AMERICA |

| Type | MAL | MAILING ADDRESS | | |
|---|---|---|---|---|
| Addr 1 | 1155 SW MORRISON ST | | | |
| Addr 2 | SUITE 200 | | | |
| CSZ | PORTLAND | OR | 97205 | Country | UNITED STATES OF AMERICA |

| Type | MEM | MEMBER | | Resign Date | |
|---|---|---|---|---|---|
| Name | AVA | VOSSOUGHI | | | |
| Addr 1 | 30 W 1ST AVE APT 31 | | | | |
| Addr 2 | | | | | |
| CSZ | COLUMBUS | OH | 43201 | Country | UNITED STATES OF AMERICA |

| Type | MGR | MANAGER | | Resign Date | |
|---|---|---|---|---|---|
| Name | HENRY | CHIN | | | |
| Addr 1 | 2310 SE ORANGE AVE | | | | |

| Addr 2 | | | | | | |
|---|---|---|---|---|---|---|
| CSZ | PORTLAND | OR | 97214 | | Country | UNITED STATES OF AMERICA |

<u>New Search</u>      <u>Printer Friendly</u>      # Name History

| Business Entity Name | <u>Name Type</u> | <u>Name Status</u> | Start Date | End Date |
|---|---|---|---|---|
| ASHA DESIGN LLC | EN | CUR | 08-28-2023 | |

Please <u>read</u> before ordering <u>Copies</u>.

<u>New Search</u>      <u>Printer Friendly</u>      # Summary History

| Image Available | Action | Transaction Date | Effective Date | <u>Status</u> | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| 📄 | AMENDED ANNUAL REPORT | 08-21-2025 | | FI | | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 12-11-2024 | | FI | | |
| 📄 | AMNDMT TO ANNUAL RPT/INFO STATEMENT | 10-21-2024 | | FI | | |
| 📄 | AMENDED ANNUAL REPORT | 07-31-2024 | | FI | | |
| 📄 | APPLICATION FOR AUTHORITY | 08-28-2023 | | FI | Agent | |

About Us | Announcements | Laws & Rules | Feedback
Policy | SOS Home | Oregon Blue Book | Oregon.gov

For comments or suggestions regarding the operation of this site,
please contact : corporation.division@sos.oregon.gov

© 2026  Oregon Secretary of State.  All Rights Reserved.