Christopher N. Coyle, OSB No. 073501
Garrett S. Eggen, OSB No. 222197
SUSSMAN SHANK LLP
1000 SW Broadway, Suite 1400
Portland, OR 97205-3089
Telephone: (503) 227-1111
Facsimile: (503) 248-0130
E-Mail: ccoyle@sussmanshank.com
geggen@sussmanshank.com

Attorneys for Defendant Sohrab Vossoughi

IN THE UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Sohrab Vossoughi,<br><br>Debtor. | Case No. 25-33145-dwh7 |
| Columbia Bank, an Oregon state-chartered bank,<br><br>Plaintiff,<br><br>v.<br><br>Sohrab Vossoughi, an individual,<br><br>Defendant, | Adversary Proceeding No. 26-03006-dwh<br><br>DEFENDANT'S MOTION TO EXCLUDE EVIDENCE AND DRAW ADVERSE INFERENCES OR, IN THE ALTERNATIVE, TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS |

## NOTICE OF MOTION

If you oppose the proposed course of action or relief sought in this motion, you must file a written objection with the bankruptcy court no later than fourteen (14) days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case. The objection must be received by the Clerk of Court at the U.S. Bankruptcy Court, 1050 SW 6th Ave., 7th Floor, Portland, OR 97204, by the deadline specified

above or it may not be considered. If the Court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

**LBR 7007-1 CERTIFICATION**

Pursuant to LBR 7007-1, Defendant Sohrab Vossoughi, by and through counsel, attempted to confer in good faith with counsel for Plaintiff Columbia Bank. On September 30, 2026, counsel sent correspondence (via email) discussing in length the issues raised in this motion. On October 5, 2026, counsel for Plaintiff indicated that counsel was still working through the conferral letter and hoped to have a substantive response this week; however, no such response has been received. With the discovery deadline of October 9, 2026 (*see* Stipulated Order Extending Discovery and Dispositive Motion Deadlines [Adv. Proc. Docket No. 21]), this motion follows.

**LBR 7007-1(b)(1)(D) CERTIFICATION OF COMPLIANCE**

Creditors' briefing in this discovery matter complies with the ten-page limitation on discovery briefing.

**MOTION**

Defendant Sohrab Vossoughi ("**Defendant**") by and through counsel, moves the Court to (1) exclude all evidence, whether documentary or testimonial, sought but not produced in discovery by Plaintiff Columbia Bank ("**Plaintiff**"), and (2) draw adverse inferences with respect to all issues on which discovery has been sought but not produced by Plaintiff, or, in the alternative, (1) compel responses to interrogatories by Plaintiff and (2) compel production of documents by Plaintiff.

As described below, Plaintiff has filed a $14 million dollar lawsuit against the Defendant, but has failed to respond to interrogatories seeking the specific facts supporting those allegations or to produce responsive documents in support of its factual allegations or damages, instead objecting that such requests are either irrelevant or premature.

Discovery is intended to make federal litigation a fair contest with the basic issues and facts disclosed to the fullest extent possible. *United States v. Procter*, 356 U.S. 677, 682 (1958). Instead,



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

due to Plaintiff's continued failure to sufficiently respond to discovery seeking those basic issues and facts, Defendant has no greater understanding of Plaintiff's factual assertions or alleged damages than possessed when the Complaint was filed. As remedy for these failures, Plaintiff's case at trial should be limited to those issues and facts which it has adequately disclosed in discovery.

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Oregon (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Defendant confirms his consent to the Court's entry of a final order in connection with this motion (the "**Motion**") to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested are section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rules of Civil Procedure ("**Civil Rules**") 33, 34, and 37, made applicable to these proceedings by Federal Rules of Bankruptcy Procedure ("**Rules**") 7033, 7034, and 7037.

## CASE HISTORY

4. On September 19, 2025 (the "**Petition Date**"), the Debtor filed the above-captioned bankruptcy case (the "**Bankruptcy Case**"). On January 15, 2026, Plaintiff filed its Complaint for Determination of Non-Dischargeability of Debt under 11 U.S.C. § 523(a)(2)(A), (a)(2)(B), (a)(4), and (a)(6) (the "**Complaint**") [Adv. Proc. Docket No. 1]. On May 27, 2026, the Court entered the Order Re Scheduling, Application of FRCP 26, Trial Date, and Procedures [Adv. Proc. Docket No. 10].

5. On May 29, 2026, Defendant served Defendant's First Request for Admissions; First Request for Interrogatories; First Request for Production of Documents (the "**Request**").



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

Declaration of Christopher Coyle in Support of Motion ("**Coyle Decl.**") ¶ 2, ex 1. On July 1, 2026, Plaintiff served Plaintiff's Response to Defendant's First Discovery Requests (the "Response"). Coyle Decl. ¶ 3, ex. 2.

6. On July 22, 2026, the Court entered the Stipulated Protective Order [Adv. Proc. Docket No. 12]. On July 22, 2026, counsel for Defendant followed up with counsel for Plaintiff as to the status of production of documents. Coyle Decl. ¶ 4. On August 11, 2026, counsel for Defendant again followed up with counsel for Plaintiff as to the status of production of documents. Coyle Decl. ¶ 5. On August 14, 2026, Plaintiff produced 320 documents (the "**Production**") in response to the Request. Coyle Decl. ¶ 6.

7. The Production can be generally divided into three groups of documents: (1) contracts and agreements between Defendant (and affiliates and related entities) and Plaintiff, (2) approximately 142 documents (approximately 1002 pages) of a scrape of Ziba.com, and (3) approximately 113 documents (approximately 458 pages) of emails and documents relating to the operation of a receivership over the 810-818 NW Marshall St., Portland property owned by an affiliate of the Defendant. Coyle Decl. ¶ 7.

8. Separately, Defendant served a second request for production of documents (relating to documents received from third parties in discovery). While Plaintiff has produced documents in response to this separate discovery request (and all issues relating to the same were consensually resolved), no further documents with respect to the Request have been produced. Coyle Decl. ¶ 8.

## ARGUMENT

9. By its Complaint, Plaintiff made serious allegations of wrongdoing against the Defendant and further alleged that wrongdoing caused Plaintiff to be harmed in an amount not less than $14,585,027.98. Complaint ¶¶ 28, 35, 41, 47. However, its Response and its eventual Production fail to adequately produce responses or documents sufficient to satisfy the Request.



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

*BOILERPLATE OBJECTIONS*

10. The Response makes an extended series of boilerplate objections. Response, pp. 1–5. General or boilerplate objections are not proper objections. *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007). "Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper. 'Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.''" *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (*quoting Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (citation omitted)).

*ZIBA INTANGIBLE PROPERTY*

11. At the core of the Complaint is the contention that Plaintiff used, transferred, or otherwise absconded with the Ziba Intangible Property. Complaint ¶ 25–26, 30–33, 44.

12. While Plaintiff denied Request for Admission ("**RFA**") No. 1 (contending that the value of the Ziba Intangible Property exceeds $5,000), the response to the related Interrogatory No. 1 states that value of the Ziba Intangible Property is "irrelevant to the claims in the Complaint." Response, p. 7. Accordingly, the Interrogatory's conclusion that Columbia "does not possess sufficient information to adequately determine the value of the Ziba Intangible Property" appears inconsistent with the RFA response. Further, the response to Interrogatory No. 1 fails to identify any documents (either by name or by reference to produced documents) with respect to the value of the Ziba Intangible Property. A review of Columbia Bank's production does not reveal any documents responsive to related Request for Production ("**RFP**") No. 5 (and Plaintiff has not identified any such documents as being produced in response to such interrogatories). Coyle Decl. ¶ 9.

13. While the Complaint and Response make general allegations of extensive unauthorized use of Ziba Intangible Property, the response to Interrogatory No. 6 does not identify a single unauthorized use. Rather, Plaintiff alleges that such information, which forms the basis



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

for its allegations in the Complaint, is "not within Plaintiff's possession, custody, or control." Response, p. 11. As stated before, as the Complaint is premised on alleged injury to Plaintiff arising from such use, this objection appears misplaced. Likewise, with respect to Interrogatory No. 7, the Response fails to identify any documents (either by name or by reference to produced documents) with respect to the unauthorized use of the Ziba Intangible Property. Further, with respect to Interrogatory No. 8, the Response fails to identify any "revenues and proceeds generated therefrom" or identify documents (either by name or by reference to produced documents) with respect to the "revenues and proceeds generated therefrom". A review of Columbia Bank's production does not reveal any documents responsive to related RFP Nos. 7 and 8 (and Plaintiff has not identified any such documents as being produced in response to such interrogatories). Coyle Decl. ¶ 9.

*ALLEGED OPERATION OF ASHA*

14. Central to Plaintiff's allegations of use of the Ziba Intangible Property is the allegation that Defendant owned, controlled, or otherwise possessed Asha Design, LLC ("Asha"). Complaint ¶¶ 18.

15. The Response continues to make the same generic allegations, but fails to state any facts to support its conclusory allegations in response to Interrogatory Nos. 9, 10, 11, 12, 13, and 14.

16. Plaintiff's objection to Interrogatory No. 10 based on "multiple interrogatories" is unfounded. The interrogatory relates to a single line of inquiry: the factual basis for the misrepresentation alleged in Paragraph 18 of the Complaint. Here, the interrogatory seeks the facts supporting Columbia Bank's contention of misrepresentation; as the interrogatory goes to a single contention, the interrogatory is a single interrogatory as none of its subparts constitute a "discrete" subpart.

17. A review of Columbia Bank's production does not reveal any documents responsive to Request for Production Nos. 9, 10, 11, 12, 13, and 14 (and Plaintiff has not identified



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

any such documents as being produced in response to such interrogatories). Coyle Decl. ¶ 9.

*DAMAGES*

18. Beyond its objections, Plaintiff makes no response to Interrogatory No. 15. Rather, Plaintiff responds that damages are not relevant to the subject matter of the case. This is, of course, the basic information that would otherwise be subject to initial disclosures: the "damages claimed" and the "materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(iii).

19. A review of Columbia Bank's production does not reveal any documents responsive to Request for Production No. 15 (and Plaintiff has not identified any such documents as being produced in response to such interrogatories). Coyle Decl. ¶ 9.

*PROTECTIVE ORDER DOCUMENTS*

20. With respect to Request for Production ("RFP") No. 17, the requested protective order was entered July 22, 2026. However, Plaintiff has not supplemented the Production with the "non-privileged documents relating to the policy, agreement, and internal guideline applicable to Columbia Bank's conduct with respect to surrendered collateral at issue in this case from August 2023 to present." Response, p. 25.

*SWAP AGREEMENT*

21. With respect to RFP No. 22–26, the production is incomplete. Plaintiff's Production does not include incorporated documents, including the 2006 ISDA Definitions, the ISDA Definitions Booklet, Annexes 1–18 of the ISDA 2002 Master Agreement Protocol, and Section 6 of the 2006 ISDA Master Agreement Protocol. Notwithstanding the objection, these incorporated documents are not available to the Defendant and were not previously provided to the Defendant.

*DISPUTED CONTENTIONS*

22. With respect to RFP Nos. 29 and 30, Plaintiff was requested to provide documents in support of the disputed allegations of the Complaint. While, of course, privileged materials need not be produced, Plaintiff is obligated to produce documents sufficient to show the disputed factual



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

allegations. Plaintiff is presumed to have had a factual basis for making those allegations; these requests seek the documents supporting that factual basis.

**CONCLUSION**

23. Despite filing a $14 million dollar lawsuit against Defendant, Plaintiff has failed to produce responsive documents in support of its factual allegations or damages, instead objecting that such document requests are either irrelevant or premature. Despite repeated extensions of the discovery deadlines (at Plaintiff's request), Plaintiff has not fulfilled its obligations in discovery. Discovery "together with pretrial procedures" make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable. *United States v. Procter*, 356 U.S. 677, 682 (1958). As a result of Plaintiff's failure, despite the Request, to disclose the basic issues and facts to the fullest practicable, Defendant has no greater understanding of Plaintiff's factual assertions or alleged damages than possessed when the Complaint was filed.

24. Rule 37(c)(1) provides that, "[i]f a party fails to provide information … the party is not allowed to use that information or witness to supply evidence in a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

25. As Plaintiff has formulated its claim in the Complaint and has provided the Production which it believes fulfills its obligations under the discovery rules, including providing documents sufficient to evidence the disputed allegations on the Complaint, Plaintiffs should be limited to that Production to provide documentary support for its allegations. Likewise, as Plaintiff has chosen its responses to the interrogatories, Plaintiff should, likewise, be limited to proffering those facts in evidence at trial.

26. Further, it would be appropriate for the Court to impose an adverse inference at trial that the unproduced documents would have disfavored the Plaintiff.

27. In the alternative, Plaintiff should be compelled to provide responses to the deficient Interrogatories listed herein and produce the responsive documents described herein.



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130

WHEREFORE, Defendant requests that the Court enter an order excluding all evidence, whether documentary or testimonial, sought but not produced in discovery by Plaintiff and drawing adverse inferences with respect to all issues on which discovery has been sought but not produced by Plaintiff. In the alternative, Defendant requests that the Court enter an order compelling responses to interrogatories by Plaintiff and compelling production of documents by Plaintiff. Defendant further requests that the Court enter an order awarding such additional and further relief as appropriate under the circumstances.

Dated this 9th day of October, 2026.

SUSSMAN SHANK LLP

By /s/ Christopher N. Coyle
Christopher N. Coyle, OSB No. 073501
Attorneys for Defendant Sohrab Vossoughi

CERTIFICATE OF SERVICE

I, Amy E. Sinclair declare as follows:

I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen years and am not a party to this action; my business address is 1000 SW Broadway, Suite 1400, Portland, Oregon 97205-3089, in said county and state.

I certify that on October 9, 2026, I served a full and correct copy of the foregoing on all ECF participants as indicated on the Court's CM/ECF system: **MOTION TO EXCLUDE EVIDENCE AND DRAW ADVERSE INFERENCES OR, IN THE ALTERNATIVE, TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS AND DECLARATION OF CHRISTOPHER N. COYLE IN SUPPORT OF MOTION TO EXCLUDE EVIDENCE AND DRAW ADVERSE INFERENCES OR, IN THE ALTERNATIVE, TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS.**

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 9, 2026.

/s/ *Amy E. Sinclair*

Amy E. Sinclair, Paralegal



SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130